IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>          Plaintiff,<br><br>v.<br><br>CHELDA, INC. and<br>CHARMIKE HOLDINGS, LLC d/b/a<br>HAM'S RESTAURANT,<br>          Defendants. | Civil Action No. 1:08-cv-00236<br><br>COMPLAINT<br><br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Roderick Horton who was adversely affected by such practices. Specifically, the Equal Employment Opportunity Commission ("EEOC") alleges that Chelda, Inc. and Charmike Holdings, LLC d/b/a Ham's Restaurant ("Defendants") failed to hire Roderick Horton as a bartender because of his race, black, in violation of Title VII. The EEOC alleges further that Defendants constructively discharged Roderick Horton in violation of Title VII.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Chelda, Inc. has been a North Carolina corporation, and Defendant Charmike Holdings, LLC has been a North Carolina Limited Liability Corporation. At all relevant times, both named defendants have been conducting business in the state of North Carolina and the city of Morganton, North Carolina, and both have continuously had at least 15 employees. At all relevant times, both named defendants have jointly conducted business as "Ham's Restaurant" and were the owners and operators of the facility where the discriminatory acts alleged herein occurred.

5. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Roderick Horton filed a charge with the EEOC alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since October 2006, Defendants engaged in unlawful employment practices at their Morganton, North Carolina restaurant known as "Ham's Restaurant," in violation of Section

703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).  Specifically, Defendants refused to hire Roderick Horton as a bartender because of his race, black.  Although Horton sought and was qualified for an open bartender position at the restaurant at the time he applied, Defendants placed Horton in a server position and refused to hire him into a bartender position at that time and on other occasions when bartender positions became available.  Despite his qualifications, Defendants failed to hire Horton into a bartender position and instead hired lesser or equally qualified whites into the position.

8. As a result of Defendants' discriminatory conduct as set forth in paragraph 7 above, Horton believed that he would never be hired as a bartender by Defendants, and consequently his working conditions were rendered so intolerable that he felt compelled to resign.

9. The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Roderick Horton of equal employment opportunities and otherwise adversely affect his status as an employees because of his race, black.

10. The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

11. The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Roderick Horton.

PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race.

B.     Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for blacks, and that eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendants to make whole Roderick Horton by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful hiring of Roderick Horton or front pay.

D.     Order Defendants to make whole Roderick Horton by providing compensation for pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including job search expenses in amounts to be determined at trial.

E.     Order Defendants to make whole Roderick Horton by providing compensation for nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above including, but not limited to, emotional distress, inconvenience, loss of enjoyment of life, violation of civil rights, and humiliation caused by Defendants' discrimination, in amounts to be determined at trial.

F.     Order Defendants to pay Roderick Horton punitive damages for their malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

 /s/   Lynette A. Barnes
LYNETTE A. BARNES (N.C. Bar No. 19732)
Regional Attorney

/s/ Tina Burnside
TINA BURNSIDE (WI Bar No. 1026965)
Supervisory Trial Attorney

 /s/   Darrell E. Graham
DARRELL E. GRAHAM (MN Bar No. 290890)
Trial Attorney
email: darrell.graham@eeoc.gov
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Phone: (704) 344-6885
Fax:    (704) 344-6780

5