IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARMIKE HOLDINGS, LLC, d/b/a/ )<br>HAM'S RESTAURANT, )<br>)<br>Defendant. )<br>)   | Civil Action No.: 1:08-cv-236<br><br>CONSENT DECREE |

The Equal Employment Opportunity Commission ("EEOC") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The EEOC's complaint alleged that Defendant Charmike Holdings, LLC d/b/a Ham's Restaurant ("Defendant"), discriminated against Roderick Horton by failing to hire him as a bartender because of his race, black. Defendant denies that it discriminated against Horton and denies all liability as alleged in the Complaint.

The EEOC and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED, AND DECREED as follows:

1. Defendant shall not discriminate on the basis of race in hiring or promotion into the bartender position.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under that statute, including participation in internal investigations conducted by Defendant.

3. Defendant shall pay Roderick Horton the sum of fourteen thousand seven hundred dollars ($14,700.00) in compensatory damages ("Settlement Payment"). Defendant shall pay the Settlement Payment in three (3) payments by issuing checks payable to Roderick Horton which shall be sent to Horton at an address to be provided to Defendant by Plaintiff. Within fifteen (15) days of the entry of this Decree, Defendant shall issue the first check to Roderick Horton in the amount of four thousand and seven hundred dollars ($4,700). Six months later after the issuance of the first check, Defendant shall issue a second check to Roderick Horton in the amount of five thousand dollars ($5,000). Six months later after the issuance of the second check, Defendant shall issue a third check to Roderick Horton in the amount of five thousand dollars ($5,000). Within ten (10) days after each check has been sent,

Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery. Upon the conclusion of each tax year in which a check for a portion of the Settlement Payment was issued to Roderick Horton, Defendant shall issue Roderick Horton a Form 1099 (for the compensatory damages) representing the amount paid to Horton. Neither the EEOC nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Roderick Horton may or may not incur on such payment under local, state, and/or federal law.

4. Payment of the amount above is conditioned upon Defendant's counsel's receipt of a fully executed General Release ("Release") from Roderick Horton. Defendant has agreed to pay a reasonable amount not to exceed $300 to Horton to retain private counsel regarding the Release.

5. Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from the employment records of Roderick Horton any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 430-2007-01874 and the related events that occurred thereafter. Within fifteen (15) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the EEOC.

6. Within ninety (90) days of the entry of this decree by the Court, Defendant shall adopt a written anti-discrimination policy which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against racial discrimination; procedures for reporting racial discrimination; and a procedure for the thorough and immediate investigation of employee

complaints of racial discrimination.  Within ninety (90) days of the entry of this decree by the Court, Defendant shall distribute a copy of the anti-discrimination policy to each current employee at its restaurant in Morganton, North Carolina.  Within one hundred (100) days of the entry of this Consent Decree, Defendant shall report compliance to the EEOC.  During the term of this Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

7. During the term of this decree, Defendant shall post a copy of the policy described in paragraph 6, *supra*, at its Morganton, North Carolina restaurant where it is clearly visible to employees, and in a place where other notices relating to labor and employment laws are posted.  If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy.  Within one hundred (100) days after the Consent Decree is entered, Defendant shall post the policy and notify the EEOC that it has been posted.

8. During the term of this Decree, Defendant shall provide an annual training program to all of its managers and supervisors at its Morganton, North Carolina restaurant.  Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against racial discrimination and retaliation in the workplace.  Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred and twenty (120) days after entry of the decree by the Court.  Each subsequent training program shall be conducted at approximately one-year intervals.  Within ten (10) days after completion of each training program, Defendant shall certify to the EEOC the specific training that was undertaken and shall

provide the EEOC with a roster of all employees in attendance and an agenda for the training program.

During the term of this Decree, Defendant shall provide the training referenced in this paragraph to every person who is promoted or hired into a supervisory or managerial position, within sixty (60) days of his or her promotion or hire. The person so trained shall continue to be trained annually in accordance with Defendant's annual training schedule set forth herein.

9. Within fifteen (15) days of the entry of this Decree, Defendant shall provide to Roderick Horton a positive letter of reference, marked as Exhibit A and attached hereto. Said letter shall be mailed to Horton at the same time as, and along with, the first check referenced in paragraph 3 above. A copy of the letter shall be sent to the EEOC within ten (10) days of its mailing to Horton. Horton shall list Lindsey Schumacher or the Director of Human Resources as a reference.

In the event Defendant receives verbal inquiries regarding the employment of Roderick Horton, Defendant shall provide a copy of the aforementioned letter in lieu of an oral response. Within ten (10) days of responding to any inquiry regarding the employment of Roderick Horton, Defendant shall provide to the EEOC the name and address of the person or entity to which the letter was provided, along with a copy of the actual letter that was sent.

10. Throughout the term of this Decree, Defendant shall document and maintain records related to every complaint of discrimination in hiring or promotion on the basis of race at its Morganton, North Carolina restaurant and shall report to the EEOC information regarding all such complaints. Defendant shall provide the EEOC with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

> A. the identities of all individuals who made a complaint, including by way of identification each person's name, race, address, telephone number, and position;
>
> B. for each complaint identified in 10.A. above, state when the complaint was made and give a detailed description of the complaint; and
>
> C. for each complaint identified above, give a detailed description of what action was taken in response to the complaint.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send EEOC a "negative" report indicating no activity.

11. For its Morganton, North Carolina restaurant, for three years from the date of entry of this Consent Decree, Defendant shall also keep and maintain the following records related to bartender positions filled during the preceding six (6) month reporting period: (a) an applicant log indicating the race of all applicants, whether the individual was interviewed, whether the individual was hired, and if the applicant was not hired, the reason for rejection; (b) copies of all applications/resumes received for the position(s) filled; and (c) copies of all notes or other documents created, received, or maintained by Defendant related to the position(s) filled. The applicant log which includes the race of the applicants shall be segregated apart from any and all other documents Defendant maintains or utilizes in its hiring process. Defendant shall provide the information requested by this paragraph to the EEOC every six months throughout the term of this Decree with the first report being due four (4) months after the Consent Decree is entered by the Court.

12. The EEOC may review compliance with this Decree. As part of such review, the EEOC may inspect Defendant's Morganton, North Carolina restaurant. The EEOC will give Defendant 48 hours notice if the EEOC intends to examine and copy documents.

13. If anytime during the term of this Decree, the EEOC believes that Defendant is in violation of the Decree, the EEOC shall give notice of the alleged violation to Defendant. Defendant shall have fifteen (15) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of fifteen (15) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the EEOC exercises any remedy provided by law.

14. The term of this Decree shall be for three (3) years from its entry by the Court.

15. All reports or other documents sent to the EEOC by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, N.C., 28202.

16. Each party shall bear its own costs and attorney's fees.

17. This Court shall retain jurisdiction of this matter for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Signed: May 12, 2009

Lacy H. Thornburg
United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

s/ Lynette A. Barnes
Lynette A. Barnes
Regional Attorney

s/ Tina M. Burnside
Tina M. Burnside
Supervisory Trial Attorney

/s Darrell E. Graham
Darrell E. Graham
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
129 West Trade Street, Suite 400
Charlotte, N.C. 28202
Telephone: (704) 344-6885
Facsimile: (704) 344-6780


CHARMIKE HOLDINGS, LLC
d/b/a HAM'S RESTAURANT


s/ Denis Jacobson
Denis Jacobson
TUGGLE DUGGINS & MESCHAM, P.C.
100 N. Greene Street, Suite 600
Greensboro, N.C. 27410
Telephone: (336) 378-1431
Facsimile: (336) 274-6590

ATTORNEYS FOR DEFENDANT CHARMIKE HOLDINGS, LLC